IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**FRANK NASHON BADGETT, et al.,**   Case No. 3:12 CV 1135

    Plaintiffs,

    v.   Magistrate Judge James R. Knepp, II

**SANFORD SCHULMAN, et al.,**

    Defendants.   MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Pending is Defendants Sanford Schulman and Corbett O'Meara's ("Defendants") Motion for Summary Judgment (Doc. 51). The district court has jurisdiction under 28 U.S.C. § 1332. The parties consented to the undersigned's exercise of jurisdiction in accordance with 28 U.S.C. § 636(c) and Civil Rule 73. (Doc. 61). As discussed below, the undersigned requests further briefing from the parties before ruling on the pending summary judgment motion.

### BACKGROUND

This case presents with a complicated and lengthy procedural background briefly summarized below.

In October 2006, Plaintiff Frank Badgett ("Plaintiff") was indicted on drug charges in Federal District Court in Toledo, Ohio. *See U.S. v Marsical*, Case No. 3:06CR474 (N.D. Ohio 2006). Plaintiff's mother, Tesser Badgett, hired Defendants (attorneys in Michigan) to represent Plaintiff on May 1, 2007. *See* Doc. 20-1, at 2 (affidavit of Ms. Badgett); Doc. 1-1, at 8 (docket entry in *U.S. v. Marsical* showing entry of appearance). On May 21, 2007, Plaintiff entered into a Rule 11 plea agreement and pled guilty in Toledo, Ohio. (Doc. 1-1, at 9 (docket entry in *U.S. v.*

*Marsical* showing plea)). During the representation, Plaintiff states he was incarcerated at the Lucas County, Ohio, jail and Federal Correctional Institution in Milan, Michigan. (Doc. 1, at 2). Plaintiff is currently incarcerated at Federal Correctional Institution—Elkton in Lisbon, Ohio. *See* Doc. 1.

Plaintiff, acting *pro se*, filed his complaint in the instant case on May 8, 2012, pursuant to 42 U.S.C. § 1983 and state law. (Doc. 1). He alleges his retained attorneys—Defendants—committed legal malpractice in their representation. *Id.* at 2-4. He argues Defendants induced him to plead guilty based on information that was allegedly incorrect, failed to argue at sentencing that the government's notice of information was untimely, and failed to inform him of his right to appeal his sentence. *Id.*

In September 2012, the district court *sua sponte* dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). (Doc. 5). The court dismissed Plaintiff's § 1983 claim because defendants had not acted under color of state law. *Id.* at 7-9. To the extent Plaintiff raised a state-law tort claim against Defendants for legal malpractice, the court found those claims untimely under either Michigan or Ohio law. *Id.* at 9-12.

Plaintiff appealed and the Sixth Circuit vacated the district court's opinion and remanded. *Badgett v. Schulman*, No. 12-4113 (6th Cir. filed Aug. 26, 2013). The Sixth Circuit found Plaintiff had abandoned his § 1983 claims on appeal, but found the district court's *sua sponte* dismissal of his legal malpractice claims was inappropriate as Plaintiff's claims were not clearly time-barred based on the allegations in the complaint. *Id.* at 4.

On remand, Defendants moved for summary judgment, arguing that their representation of Plaintiff terminated at sentencing and therefore his claim was time barred. (Doc. 19). The

district court granted summary judgment on these grounds, analyzing the statute of limitations under both Ohio and Michigan law. (Doc. 28, at 7-8).

Plaintiff appealed, and in October 2015, the Sixth Circuit reversed a second time, finding there was a genuine issue of fact about when the legal representation ended, and thus, whether the statute of limitations had expired. *Badgett v. Schulman*, No. 14-4291 (6th Cir. filed Oct. 2, 2015).

On remand, the parties undertook discovery. Defendants then filed the instant motion for summary judgment (Doc. 51), and Plaintiff opposed (Doc. 55).

### DISCUSSION

*Choice of Law*

As a preliminary matter of law—and to clarify the issues at hand—the undersigned determines Ohio law governs the legal malpractice claims in this case. The briefing and decisions up until this point have addressed the claims abstractly under both Michigan and Ohio law, without performing a choice-of-law analysis. *See* Docs. 5 and 28; *Badgett v. Schulman*, No. 12-4113 (6th Cir. filed August 26, 2013); *Badgett v. Schulman*, No. 14-4291 (6th Cir. filed Oct. 2, 2015).[1]

As the forum state, Ohio choice-of-law provisions apply if a choice-of-law determination is necessary. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). A legal malpractice claim in Ohio may be predicated on contract or tort. *See Muir v. Hadler Real Estate Mgmt. Co.*, 4 Ohio App.3d 89, 90 (1982) ("[M]isconduct may consist either of negligence or of

---

1. When the parties agree to the application of a particular state's law, the court will apply that state's law and not conduct an independent choice-of-law analysis. *See GBJ Corp. v. Eastern Ohio Paving Co.*, 139 F.3d 1080, 1085 (6th Cir. 1998) (citing *In re Korean Air Lines Disaster*, 932 F.2d 1475, 1495 (D.C. Cir. 1991)). Here, the parties have not indicated any such agreement, nor any specific argument for why Michigan or Ohio law should apply.

the breach of the contract of employment."). Determining which is based on "the gist of the complaint." *Hibbett v. Cincinnati*, 4 Ohio App. 3d 128, 131 (1982).

Ohio has adopted the Restatement approach to tort choice-of-law. *Morgan v. Biro Mfg. Co., Inc.,* 15 Ohio St. 3d 339, 341–42 (1984). The Restatement calls for application of "the local law of the state where the injury occurred," "unless, with respect to the particular issue, some other state has a more significant relationship[.]" Restatement (Second) of Conflict of Laws § 146 (1971). The Restatement provides five factors to determine the state with the most significant relationship to the lawsuit:

> (1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors under Section 6 which the court may deem relevant to the litigation.

Restatement (Second) Conflict of Laws § 145; *see also Morgan,* 15 Ohio St.3d at 342 (citing Restatement factors).[2]

Plaintiff's legal malpractice claim alleges Defendants: 1) rushed Plaintiff into a plea deal; 2) failed to review discovery material to confirm if the drug amount attributed to Plaintiff was

---

2. Section 6 provides:

> (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
> (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
>     (a) the needs of the interstate and international systems,
>     (b) the relevant policies of the forum,
>     (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
>     (d) the protection of justified expectations,
>     (e) the basic policies underlying the particular field of law,
>     (f) certainty, predictability and uniformity of result, and
>     (g) ease in the determination and application of law to be applied.

Restatement (Second) Conflict of Laws § 6 (1971).

4

accurate; 3) failed to inquire about Plaintiff's prior convictions to determine if they met the criteria for the career offender sentencing enhancement; 4) failed to object at sentencing to the timing of the Notice of Information filing; and 5) failed to inform him of his right to appeal. (Doc. 1, at 2-4). These claims sound in tort (negligent representation), rather than contract.

Here, the conduct giving rise to the injury—incarceration as a result of alleged malpractice—was legal representation in court proceedings in Ohio. An analysis of the required factors confirms Ohio law should apply as Michigan does not have a "more significant relationship" to this case. *See Bobbitt v. Millberg LLP*, 801 F.3d 1066, 1070 (9th Cir. 2015) ("Indeed, most courts applying § 145 in analogous situations agree that negligent behavior in litigation injures the client in the form state of the court[.]" (citing cases)); *David B. Lilly Co., Inc. v. Fisher*, 18 F.3d 1112, 1119-20 (3d Cir. 1994) (injury occurs where "[a]s a practical matter, . . . [legal] services were rendered).

The representation at issue occurred in a federal court in Ohio (the place of the injury, the place where the conduct causing the injury occurred, and the place where the relationship between the parties is located). Plaintiff was, at the time of the representation, incarcerated in the Lucas County, Ohio, jail and then federal prison in Milan, Michigan. (Doc. 1, at 2). Plaintiff is now incarcerated in Ohio and Defendants are, and have at all times, been located in Michigan. Regarding the Restatement's Second 6 factors, the undersigned notes that Ohio has an interest in the practice of attorneys within its borders. *See Klein v. Talkin, Muccigrosso & Roberts, LLP*, 2009 WL 4642201, at *2 (S.D.N.Y) ("Generally, the law of the jurisdiction where the alleged tort will apply, as that jurisdiction has the greatest interest in regulating the type of behavior that occurs within its borders (citation omitted). Here, the underlying trial and sentencing occurred in New York state. Accordingly, New York state tort law will be applied.).

5

Michigan also has an interest in regulating attorneys located within the state, however this interest does not outweigh the fact that the parties' relationship in this case was centered in Ohio. *See David B. Lilly Co.*, 18 F.3d at 1120.

Therefore, Ohio law applies to Plaintiff's legal malpractice claim. To establish a claim for legal malpractice in Ohio, a plaintiff must show: 1) an attorney client relationship giving rise to a duty; 2) a breach of that duty; and 3) damages proximately caused by that breach. *Kraun v. Kinney*, 43 Ohio St. 3d 103, 105 (1989).

### *Request for Additional Briefing*

Defendants' pending motion for summary judgment again argues Plaintiff's claims are barred by the statute of limitations and res judicata. (Doc. 51). Because of the complicated procedural history of this case, and for a fuller consideration of the issues before deciding the pending motion, the undersigned requests both parties submit supplemental briefs regarding the underlying question of whether Defendants' actions constitute legal malpractice under Ohio law.

### CONCLUSION

The undersigned hereby grants leave to Defendants to file a supplemental brief addressing the above question by September 15, 2016, and Plaintiff to respond by October 10, 2016. The undersigned will rule on the summary judgment motion as a whole at that time.

IT IS SO ORDERED.

                                            s/James R. Knepp II
                                            United States Magistrate Judge