IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**FRANK NASHON BADGETT, et al.,**         Case No. 3:12 CV 1135

    Plaintiffs,

    v.                                      Magistrate Judge James R. Knepp, II

**SANFORD SCHULMAN, et al.,**

    Defendants.                            MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Pending before the Court is Defendants Sanford Schulman and Corbett O'Meara's ("Defendants") Motion for Summary Judgment. (Doc. 80). Plaintiff Frank Badgett ("Plaintiff") filed an opposition (Doc. 90) and Defendants filed a Reply and Motion to Strike (Doc. 93). Jurisdiction is proper under 28 U.S.C. § 1332. The parties consented to the undersigned's exercise of jurisdiction in accordance with 28 U.S.C. § 636(c) and Civil Rule 73. (Doc. 61). As discussed below, the undersigned denies Defendants' Motion to Strike and grants Defendants' Motion for Summary Judgment. The undersigned also denies Plaintiff's Motion to Forbid Pro Se/Hybrid Representation. (Doc. 96).

### BACKGROUND[1]

---

1. Because *pro se* pleadings are to be liberally construed, *Haines v. Kerner*, 404 U.S. 519 (1972), and because Plaintiff's opposition is entitled "Response Incorporating Prior Summary Judgment Opposition of Plaintiff", the undersigned has considered all evidence submitted in response to both summary judgment motions. *See* Docs. 55, 90. Additionally, The Sixth Circuit has held that "a verified complaint . . . carries the same weight as would an affidavit for the purposes of summary judgment, *El Bey v. Roop,* 530 F.3d 407, 414 (6th Cir. 2008), to the extent that it is based on personal knowledge, *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985)." *Mourad v. Homeward Residential, Inc.,* 517 F. App'x 360, 366 (6th Cir. 2013). *See also Miller v. Jones,* 483 F. App'x 202, 203 (6th Cir. 2012) (citations omitted) ("[C]ourts should consider the

In October 2006, Plaintiff Frank Badgett ("Plaintiff") was indicted on drug charges in Federal District Court in Toledo, Ohio. *See U.S. v Marsical*, Case No. 3:06CR474 (N.D. Ohio 2006) (Doc. 13). Plaintiff was originally provided a court-appointed attorney, but was dissatisfied, alleging that his court-appointed attorney was rushing him into signing a plea deal for a 25-year sentence. (Doc. 1, at 2); (Doc. 26, at 2). Plaintiff's mother, Tesser Badgett, hired Defendants (attorneys in Michigan) to represent Plaintiff on May 1, 2007. *See* Doc. 90-2, at 9 (November 1, 2012 affidavit of Ms. Badgett); Doc. 1-1, at 8 (docket entry in *U.S. v. Marsical* showing entry of appearance).

Defendant has submitted a Criminal Retainer Agreement dated May 1, 2007, for the representation of Plaintiff purporting to bear the signature of Ms. Badgett. (Doc. 80-2). Ms. Badgett avers that the signature is not her own and that she never signed such a retainer agreement; her agreement with Defendants was oral only. (Doc. 90-2, at 6) (November 9, 2015 affidavit of Ms. Badgett). Plaintiff did not see this retainer agreement until October 21, 2015. (Doc. 90-2, at 3) (November 9, 2015 affidavit of Plaintiff).

Plaintiff avers he negotiated a plea "to give information and receive no capital punishment and plead guilty to 21 U.S.C. § 841(a)(1) and (b)(1)(A), 846, and 851(a)(1) and rely on only one qualifying prior conviction under 851 information to avoid life." *Id.* at 3. He also states that he "know[s] for sure [he] signed an express 'Immunity Agreement' and had immunity before [he] made any statements." (Doc. 90-2, at 3).

Plaintiff alleges his retained attorneys—Defendants—committed legal malpractice in their representation. (Doc. 1, at 3-5); (Doc. 26, at 3-6). He states Defendants induced him to

---

allegations in a *pro se* prisoner's verified complaints (which are effectively affidavits) before entering judgment against him, even if the prisoner fails to cite that evidence in response to a motion for summary judgment."). Plaintiff's complaint (Doc. 1) and amended complaint (Doc. 26) are not verified, however, the undersigned summarizes the allegations therein below.

plead guilty based on information that was allegedly incorrect, failed to argue at sentencing that the government's notice of information was untimely, advised him to sign a plea agreement with an erroneous guideline calculation, and failed to inform him of his right to appeal his sentence. *Id.* Also in his complaint, Plaintiff asserts Defendants "did not review . . . Discovery Material to see if the drug amount attributed to him was accurate as it was stated in the Plea Agreement", "didn't inquire about Plaintiff ['s] prior convictions to see if they met the criteria for the Career Offender pursuant to U.S.S.G. 4b1.1 as stated in the Plea Agreement", and "did not file any motions at sentencing objecting to the denial of the Plaintiff's rights to Due Process since the Information as not presented to them in a timely manner to be contested by the Plaintiff." (Doc. 1, at 4).

On May 21, 2007, Plaintiff entered into a Rule 11 plea agreement and pleaded guilty. (Doc. 1-1, at 9) (docket entry in *U.S. v. Marsical* showing plea); *U.S. v Marsical*, Case No. 3:06CR474 (Doc. 143). The day after Plaintiff's change of plea, the Government filed a Notice of Information regarding Plaintiff's 1995 conviction in Michigan for delivery/manufacture of felony controlled substances for purposes of sentencing enhancement. *U.S. v Marsical*, Case No. 3:06CR474 (Doc. 196). Plaintiff asserts in his complaint that this Notice of Information was "included in the Plea Agreement" but "wasn't filed until the next day." (Doc. 1, at 4).

The Presentence Report identified a second prior conviction, for possession/purchase of a controlled substance in California in September 1992. *See Badgett v. Farley*, 3:12CV321 (N.D. Ohio) (Plaintiff's 28 U.S.C. § 2241 habeas corpus case) (Doc. 5) (noting that these "'drug trafficking offenses' qualified [Plaintiff] as a 'career offender' and form the basis for a sentencing enhancement under Sections 2L1.2(b)(1)(A) and 4(B)1.1(a)(2) of the Sentencing Guidelines").

Plaintiff was sentenced on October 10, 2007 to 274 months in prison and 10 years of supervised release. *See U.S. v Marsical*, Case No. 3:06CR474 (N.D. Ohio 2006) (Docs. 192-93). He is currently incarcerated at Federal Correctional Institution—Elkton in Lisbon, Ohio. *See* Doc. 1.

Plaintiff, acting *pro se*, filed his complaint in the instant case on May 8, 2012, pursuant to 42 U.S.C. § 1983 and state law. (Doc. 1).

In September 2012, the district court *sua sponte* dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). (Doc. 5). The court dismissed Plaintiff's § 1983 claim because Defendants had not acted under color of state law. *Id.* at 7-9. To the extent Plaintiff raised a state-law tort claim against Defendants for legal malpractice, the court found that claim untimely under either Michigan or Ohio law. *Id.* at 9-12.

Plaintiff appealed, and the Sixth Circuit vacated the district court's opinion and remanded the case. *Badgett v. Schulman*, No. 12-4113 (6th Cir. filed Aug. 26, 2013) (Doc. 14). The Sixth Circuit found Plaintiff had abandoned his § 1983 claims on appeal, but found the district court's *sua sponte* dismissal of his legal malpractice claims was inappropriate as Plaintiff's claims were not clearly time-barred based on the allegations in the complaint. *Id.* at 4.

On remand, Defendants moved for summary judgment, arguing that their representation of Plaintiff terminated at sentencing and therefore his claim was time barred. (Doc. 19). Plaintiff opposed (Docs. 20, 21, 23) and filed an amended complaint (Doc. 26). The district court granted summary judgment on these grounds. (Doc. 28, at 7-8).

Plaintiff appealed, and in October 2015, the Sixth Circuit reversed a second time, finding there was a genuine issue of fact about when the legal representation ended, and thus, whether

the statute of limitations had expired. *Badgett v. Schulman*, No. 14-4291 (6th Cir. filed Oct. 2, 2015).

On remand, the parties undertook discovery. Defendants then filed a motion for summary judgment (Doc. 51), and Plaintiff opposed (Doc. 55). Upon review, the undersigned undertook *sua sponte* a choice-of-law analysis regarding Plaintiff's remaining legal malpractice claim, and concluded that Ohio law applied to that claim. (Doc. 74). Because of the complicated procedural history of the case, the undersigned then requested supplemental briefing on the summary judgment motion. *Id.* For clarity's sake, the Court then held a telephone conference on September 1, 2016, at which time it denied the previous motion for summary judgment (Doc. 51) without prejudice, and granted additional time for summary judgment briefing. (Doc. 79).

During the pendency of the instant motion, Plaintiff filed a motion to amend and supplement. (Doc. 81). The undersigned denied the motion, and Plaintiff filed an appeal. (Doc. 87). The Court stayed this action pending the outcome of the appeal. (Doc. 94). On December 8, 2016, the Sixth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. (Doc. 95). As such, the undersigned now turns to Defendants' pending summary judgment motion.

## STANDARD OF REVIEW

Pursuant to Federal Civil Rule 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the

5

nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The moving party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*.

## DISCUSSION

Defendants argue they are entitled to summary judgment because: 1) Plaintiff has not presented expert testimony as to the breach of duty; 2) Plaintiff cannot show legal representation covered the period of post-conviction relief; 3) the statute of limitations on Plaintiff's legal malpractice claims has expired; 4) Defendants were not acting under color of state law for purposes of 42 U.S.C. § 1983[2]; and 5) Plaintiff's claims are barred by collateral estoppel. (Doc. 80). Plaintiff responds that summary judgment is not appropriate. (Doc. 90).[3] Defendants replied, making similar arguments as in their opening brief. *See* Doc. 93. Defendants also moved to strike Plaintiff's responsive brief on grounds of timeliness. *Id.*

As a preliminary matter, the undersigned denies Defendants' motion to strike. This Court ordered Plaintiff to file his response by November 14, 2016. (Doc. 79). The undersigned rejects Defendants' argument and finds Plaintiff's answer timely pursuant to the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (prison mailbox rule); *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (extending prison mailbox rule to "civil complaints filed by pro se

---

2. The undersigned pauses to note that the § 1983 claim in this case has not been active since 2013. Judge Carr dismissed the claim (Doc. 5, at 7-9), and the Sixth Circuit found Plaintiff had abandoned it in his first appeal, *Badgett v. Schulman*, No. 12-4113 (6th Cir. filed Aug. 26, 2013) (Doc. 14, at 4).
3. Additionally, Plaintiff contends he has "learned in the interim during these proceedings lately that there is a mandatory arbitration clause which delegates even the question of arbitrability to the AAA or JAMS arbitration authorities" and requests that this matter be stayed pending arbitration. (Doc. 90, at 1). Plaintiff has not, however, pointed to evidence of any such arbitration clause. As such, that request is denied.

petitioners incarcerated at the time of filing). Plaintiff's response certifies it was placed in the prison mail on November 11, 2016 (and it was received by this court on November 18, 2016). *See* Doc. 90. As such, Defendants' Motion to Strike (contained within Defendants' Reply brief) (Doc. 93) is denied.

To establish a cause of action for legal malpractice based on negligence under Ohio law, a plaintiff must prove the following elements: 1) the existence of an attorney-client relationship; 2) a professional duty arising from that relationship; 3) breach of that duty; 4) proximate cause; and 5) damages. *Shoemaker v. Gindlesberger,* 118 Ohio St. 3d 226, 228 (Ohio 2008) (*citing Vahila v. Hall,* 77 Ohio St. 3d 421, 427 (Ohio 1997)). "If a plaintiff fails to establish a genuine issue of material fact as to *any* of the elements, the defendant is entitled to summary judgment on a legal-malpractice claim." *Shoemaker,* 118 Ohio St. 3d at 228 (emphasis added). Additionally, "Ohio courts *require* expert evidence in a legal malpractice case to establish the attorney's breach of the duty of care." *Montgomery v. Gooding, Huffman, Kelly & Becker,* 163 F.Supp.2d 831, 835 (N.D. Ohio 2001) (citing *Bloom v. Dieckmann,* 11 Ohio App. 3d 202, 203 (Ohio Ct. App. 1983)) (emphasis added); *see also Bangor v. Amato*, 25 N.E. 3d 386, 390 (Ohio Ct. App. 2014) ("Summary judgment in favor of the attorney is mandated when the plaintiff fails to supply expert testimony on the alleged negligence."); *Harrell v. Crystal*, 81 Ohio App. 3d 515, 525 (Ohio Ct. App 1992) ("In order to establish a claim of legal malpractice based on an alleged failure to exercise the knowledge, skill and ability ordinarily possessed and exercised by members of the legal profession similarly situated, expert testimony is necessary to establish such standards. If plaintiff fails to introduce such testimony, the defendant attorney is entitled to a directed verdict.") (citation and quotation omitted). "An exception to this rule exists where the breach is 'so obvious that it may be determined by the court as a matter of law, or is within the

7

ordinary knowledge and experience of laymen.'" *Montgomery,* 163 F.Supp.2d at 835 (quoting *Bloom*, 11 Ohio App. 3d at 203).

Defendants do not dispute the existence of an attorney client relationship between the parties, nor do they appear to dispute that certain professional duties arose from that relationship. However, Defendants contend they did not breach that duty, and more specifically, that Plaintiff cannot prove breach as he has not offered any expert testimony. The undersigned agrees with Defendants.

Plaintiff has not presented expert evidence regarding any breach of duty by Defendants. Plaintiff argues that "the court has not appointed any expert as they promised, ergo the court must have found, or be finding, or be willing to conclusively find that the breach is so obvious and the legal issues related are so uncomplicated that that court can determine it without any legal expert." (Doc. 90, at 5). The Court has not promised to appoint an expert. Rather, in response to Plaintiff's request for an appointment of an expert to assist him in his case, the Court has explained that the relevant rule regarding the appointment of experts. *See* Doc. 70, at 2 (explaining that "Plaintiff misunderstands the purpose of appointing experts; it is not to assist the litigant in proving his case but rather to assist the court in making an informed decision" and "It is Plaintiff's responsibility to obtain an expert who will support the claims in his complaint and the failure to do so would, at some future point in the litigation, indicate a lack of merit to his claims."); *see also* Doc. 72 ("As this court previously noted, the purpose of Rule 706 is to assist the court in making an informed decision, not to assist the litigant in proving his case."). That is, the burden has always remained with Plaintiff to provide evidence of his allegations to oppose summary judgment.

Further, the Court finds that the allegations of malpractice Plaintiff asserts do not fall within the exception to the rule requiring expert testimony. Ohio courts have explained that this exception includes such instances as an attorney who misses the statute of limitations for filing a claim, *see DePugh v. Sladoje*, 111 Ohio App. 3d 675, 681 (Ohio Ct. App. 1996), fails to follow a specific instruction of a client (of which he has given written assurances to follow), *see McInnis v. Hyatt Legal Clinics*, 10 Ohio St. 3d 112, 112-13 (Ohio 1984), or an attorney who admits a breach by failing to respond to a request for admission, *see Rafferty v. Scurry*, 117 Ohio App. 3d 240 (Ohio Ct. App. 1997). In essence, Plaintiff here argues his attorneys made various mistakes in their actions (or inactions) in representing and advising Plaintiff in relation to his plea deal. In contrast to the above-cited cases, these alleged errors are not of the type that are "so obvious that [they] may be determined by the court as a matter of law, or [are] within the ordinary knowledge and experience of laymen." *Bloom*, 11 Ohio App. 3d at 203; *see also Forsyth v. Feinstein*, 2000 WL 192298, *5 (Ohio Ct. App. 2000) (expert testimony required to determine breach of duty for claim that attorney improperly withdrew from representation of client); *Green v. Williams*, 2000 WL 192576, *3 (Ohio Ct. App 1999) (requiring expert testimony as to whether alleged disclosure of client confidences breached standard of care).

The purpose of the expert evidence requirement under Ohio law is "so that the trier of fact does not have to speculate on the standard of care, particularly in a complex case involving [matters] which are not normally within the realm of understanding of the layman." *Northwestern Life Ins. Co. v. Rogers*, 61 Ohio App. 3d 506, 512 (Ohio Ct. App. 1989). Here, laypersons would not know how plea deals are negotiated, what may be relevant to those negotiations, and what may or may not be a breach of an attorney's duty in that situation. These are matters upon which a legal expert is particularly suited to give an opinion and many depend

9

on professional judgment and tactical decision-making. Therefore, because these matters are not within the ordinary knowledge of laypersons, Plaintiff was required to support his claim of legal malpractice with expert testimony. Thus, even viewing the facts in in a light most favorable to the Plaintiff—as the Court must do on summary judgment—the Court finds no genuine issue of material fact as to Defendants' alleged breach of duty due to the lack of expert testimony.[4]

Plaintiff also spends significant time arguing about Defendants' lack of legal malpractice insurance. *See* Doc. 90, at 2-3. Although it is not entirely clear, Plaintiff appears to be arguing that Defendants undertook other acts of malpractice, in part, to cover up their lack of insurance. *See, e.g.*, Doc. 90, at 2 ("Badgett has learned and asserted that counsel may have done this because he was operating at the time and at all times material with NO GENERAL LIABILITY insurance whatever despite it being required . . . ."). The undersigned notes that, in Ohio, violations of professional responsibility rules do not constitute malpractice *per se. Northwestern Life Ins. Co.,* 61 Ohio App. 3d at 512. Furthermore, alleging such violations does not relieve Plaintiff of his obligation to provide expert testimony as to the breach of standard of care. *Id.* Moreover, and perhaps more importantly, Plaintiff provides no evidence other than his own speculation to connect the Defendants' lack of malpractice insurance to his injury. *See Vahila,* 77 Ohio St.3d at 427 (the fourth element of a claim for legal malpractice requires a plaintiff to show "a causal connection between the conduct complained of and the resulting damage or loss").

Because Plaintiff has presented no expert evidence of a breach of the duty of care, and because the alleged breach is not so obvious as to be determinable by the Court as a matter of

---

4. Although the Court has previously undertaken a choice-of-law analysis and determined Ohio, not Michigan, law applies to Plaintiff's legal malpractice claims (Doc. 74), the Court notes that Michigan law has a similar expert evidence requirement. *See Stiver v. Parker*, 975 F.2d 261, 273 (6th Cir. 1992) ("Michigan law requires similar expert evidence in legal malpractice cases."); *Beattie v. Firnschild*, 152 Mich. App. 785 (1986).

law or is within the knowledge of laypersons, Defendants' Motion for Summary Judgment is hereby granted. *See Jones v. Zyndorf*, 2013 WL 4430883, *5-6 (N.D. Ohio) (granting summary judgment on multiple grounds, and noting that summary judgment could be granted on the lack of expert evidence alone); *Montgomery*, 163 F. Supp. 2d at 835 (granting summary judgment on claim due to failure to provide expert testimony). Because Plaintiff cannot show a genuine issue of material fact as to breach, the undersigned need not reach Defendants' others arguments in favor of summary judgment.

### MOTION TO FORBID PRO SE/HYBRID REPRESENTATION BY THE DEFENDANTS (DOC. 96)

Plaintiff has also recently filed a motion seeking to forbid *pro se*, and, or hybrid representation by the Defendants. (Doc. 96). In that motion, Plaintiff argues essentially that Defendant Schulman should not be able to represent both himself and (now-deceased) Defendant O'Meara. First, the Court notes that this lawsuit began over four years ago, and Plaintiff raises this issue for the first time over four months *after* Defendants' summary judgment motion was filed, and two months *after* his own response to that motion. Second, Plaintiff argues that there is a conflict of interest between the two Defendants' interests because of "the very real possibility—rather through settlement or trial—that compensation (including damages) will have to be devined [sic] from the estate of O'meara [sic], and such should include his shares or other unspecified/unidentified benefits from within the firm 'Schulman & Associates' (the corporation); hence the conflict of interest . . . ." (Doc. 96, at 3). Given the lateness of Plaintiff's objection, combined with the finding above that Plaintiff has not provided sufficient evidence to survive summary judgment of his claim, the undersigned finds the motion not well-taken and it is denied.

## CONCLUSION

Upon review of the evidence and arguments, the Court finds there is no genuine issue of material fact and Defendants are entitled to summary judgment as a matter of law. Defendants' Motion for Summary Judgment (Doc. 80) is granted and the case is dismissed with prejudice. Plaintiff's motion seeking to forbid *pro se*, and, or hybrid representation (Doc. 96) is denied.

IT IS SO ORDERED.

                                                    s/James R. Knepp II
                                                    United States Magistrate Judge